Phillips v. Fox Ridge Resort et al.   CV-02-586-B   08/22/03
### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Helene Phillips</u>

     v.                        **Civil No. 02-586-B**
                                     Opinion No. 2003 DNH 144

<u>Fox Ridge Resort, et al.</u>

### MEMORANDUM AND ORDER

Helene Phillips, a Rhode Island resident, brings this diversity action against defendants, Fox Ridge Resort, Davenport Realty Trust, and an entity abbreviated as "FRNC, LLC," all residents of New Hampshire.  In her two count complaint, Phillips alleges defendants' negligence resulted in an injury to her right calf.  Defendants move to dismiss Phillips' complaint for lack of subject matter jurisdiction. (Doc. No. 14) <u>See</u> 28 U.S.C. § 1332(a) (1993 & Supp. 2003).  Specifically, defendants argue that Phillips' claims do not meet the amount in controversy ($75,000) required under § 1332(a).  For the reasons discussed below, I deny defendants' motion to dismiss.

### BACKGROUND

On November 11, 2001, Phillips was a visitor to Fox Ridge Resort in North Conway, New Hampshire.  During her stay at the

resort, Phillips struck her leg against a protruding razor sharp piece of loose molding in a bathroom. As a result, Phillips suffered a "severe traumatic avulsion laceration" to her calf. Pl.'s Obj. to Defs.' Mot. to Dismiss. In the months that followed the injury, Phillips endured a "horrific" infection and required nine months of treatment at The Wound Recovery Treatment Center at The Kent Hospital in Rhode Island. Id. For two months during this time period, Phillips was restricted to her home as a result of the pain and infection in her leg. She required the services of home care nursing for three months following the accident and also needed "numerous debridements of the wound." Id. In addition, Phillips suffered edema in her leg and endured three skin grafts. The wound ultimately left permanent scarring on Phillips' calf.

Phillips seeks recovery for over $12,000 in medical bills. In addition, Phillips requests damages for her pain and suffering, lost wages, permanent scarring and disfigurement, loss of life's pleasures and loss of function. Initially, in her complaint, Phillips sought damages in the amount of one million dollars; however, in her objection to defendants' motion to dismiss, Phillips stated her damages were "in excess of

[$150,000]."  Pl.'s Obj. to Defs.' Mot. to Dismiss.

## ANALYSIS

In order for this court to have subject matter jurisdiction in a diversity suit, Phillips must demonstrate that she fulfills the $75,000 minimum amount in controversy requirement.  See 28 U.S.C. § 1332(a); Bull NH Information Syss. v. Hutson, 229 F.3d 321, 328 (1st Cir. 2000).  Generally, the amount the plaintiff claims in her complaint is sufficient to meet the amount in controversy, if the claim is made in good faith.  See St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). "If the face of the complaint reveals, to a legal certainty, that the controversy cannot involve the requisite amount, jurisdiction will not attach."  Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995) (citing St. Paul, 303 U.S. at 289, 291); see Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001)("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

Defendants argue that all of Phillips' damages "will not rise near to the level of [$75,000]."  Defs.' Mot. to Dismiss at 3.  Their argument fails because the standard to fulfill the

amount in controversy requirement is not will the damages ultimately meet the jurisdictional amount. Instead the requirement asks whether, at this stage, it is a legal certainty that the damages will not meet the requisite amount. Phillips' medical bills total over $12,000. Her lost wages, pain and suffering, permanent scarring and other damages could, objectively speaking, meet the minimum $75,000. As such, she meets the amount in controversy requirement and her diversity suit is therefore properly before this court. I deny defendants' motion to dismiss for lack of subject matter jurisdiction.

## CONCLUSION

For the forgoing reasons, I deny defendants' motion to dismiss for lack of subject matter jurisdiction. (Doc. No. 14).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

August 22, 2003

cc: John P. LeGrand, Esq.

-4-

Randall F. Cooper, Esq.
Paul W. Chant, Esq.